```
 1
 2
 3
 4
 5                          UNITED STATES DISTRICT COURT
 6                         EASTERN DISTRICT OF CALIFORNIA
                                 SACRAMENTO DIVISION
 7
    JERALD RANDALL,
 8
                 Plaintiff,            NO. CV-08-2393-EFS (PC)
 9
              v.                       ORDER DIRECTING U.S. MARSHAL
10                                     TO SERVE COMPLAINT AND
    O. SMITH, D. VanLEER, T.           PROVIDING PLAINTIFF WITH
11  ROBERTSON, MD McDONALD, T.         ADVISEMENTS
    FELKER, and N. GRANNIS,
12
                 Defendants.
13
14
```

15
   Before the Court is *pro se* state prisoner Plaintiff Jerald Randall's
16
Complaint, alleging various constitutional violations under 42 U.S.C.
17
§ 1983. (Ct. Rec. 1.)  The Court previously determined that Plaintiff's
18
Complaint states plausible 42 U.S.C. § 1983 claims and ordered Plaintiff
19
to prepare and return the necessary service documents within forty-five
20
(45) days. (Ct. Rec. 14.)  Plaintiff has done so. (Ct. Rec. 15.)
21
   Accordingly, **IT IS HEREBY ORDERED**:
22
   1.   The **Clerk of Court** shall forward the following documents to the
23
U.S. Marshals Service for each Defendant:
24
        a.   One completed and issued summons;
25
        b.   One completed USM-285 form;
26
        c.   One copy of the complaint;

ORDER * 1

        d.    One copy of this Order;

        e.    Two copies of a Waiver of Service;

        f.    One notice of lawsuit consistent with Federal Rule of Civil Procedure 4(d)(1); and

        g.    One request for waiver of service consistent with Federal Rule of Civil Procedure 4(d)(1).

2.    The **Clerk of Court** shall also immediately forward the following **additional** documents to the U.S. Marshals Service:

        a.    an extra copy of the complaint; and

        b.    an extra copy of this Order.

3.    The **U.S. Marshals Service** shall serve **each** Defendant in compliance with Federal Rule of Civil Procedure 4.

        a.    First, in order to effectuate service, the United States Marshal, in compliance with Rule 4(d), shall send the following documents, by first class mail: the summons, the complaint, this Order, a request for waiver of service of summons, two copies of the Waiver of Service, and a return envelope, postage prepaid, addressed to the sender.  The costs of mailing shall be advanced by the United States.

        b.    Next, if a Defendant does not return the Waiver of Service within the appropriate time period, the U.S. Marshals Service shall personally serve that Defendant, in compliance with Rule 4(e)-(i).  The U.S. Marshals Service shall make the necessary attempts to effectuate such personal service until service is effected or, if

ORDER * 2

necessary, obtain direction from the Court or the Legal Affairs Division (Litigation Office Special Investigator) of the California Department of Corrections and Rehabilitation (CDCR). The U.S. Marshals Service shall also command all necessary assistance from the California Department of Corrections and Rehabilitation (CDCR) to execute this Order.

4. The U.S. Marshals Service shall file upon receipt the returned waivers of service, the requests for waiver of service that are returned as undelivered, and returns of service. In addition, if necessary, the U.S. Marshals Service shall complete and file the USM-285 form. Costs of service will then be taxed against the personally-served Defendant in accordance with Federal Rule of Civil Procedure 4(d)(2).

5. Defendant(s) shall file an answer or otherwise respond to Plaintiff's complaint within sixty (60) days after mailing (if formal service is waived), forty-five (45) days if service is not waived. Failure to so respond may result in entry of a default judgment.

6. **NOTICE - WARNING**: Pro se Plaintiff is warned that certain motions can result in the dismissal of all or part of his case; i.e., "dispositive motions." *See Klingele v. Eikenberry*, 849 F.2d 409, 411 (9th Cir. 1988); *Rand v. Rowland*, 154 F.3d 952, 962 (9th Cir. 1998). Such dispositive motions may be captioned as motions to dismiss or motions for summary judgment, though other captions may also be used.

Generally, the Court must grant a Defendant's motion to dismiss for failure to state a claim that is filed under Federal Rule of Civil Procedure 12(b)(6) if it appears beyond doubt that Plaintiff can prove

ORDER * 3

no set of facts that would plausibly entitle him to relief.  While the Court assumes that Plaintiff's allegations are true when applying this standard, conclusory allegations, without more, are insufficient to defeat a motion to dismiss for failure to state a claim.

A Defendant may also file a motion to dismiss for failure to exhaust administrative remedies as to one or more claims in the complaint.  The failure to exhaust administrative remedies is subject to an unenumerated Rule 12(b) motion to dismiss.  *Wyatt v. Terhune*, 315 F.3d 1108, 1119 (9th Cir. 2003) (citing *Riza v. Int'l Longshoremen's & Warehousemen's Union*, 837 F.2d 365, 368 (9th Cir. 1988)).  "In deciding a motion to dismiss for failure to exhaust nonjudicial remedies, the court may look beyond the pleadings and decide disputed issues of fact."  *Id.* at 1119-20 (quoting *Ritza*, 837 F.2d at 368).  Accordingly, Plaintiff must oppose the motion setting forth specific facts in declaration(s) and other evidence regarding the exhaustion of administrative remedies, rather than simply rely on allegations in the complaint.  *See* Fed. R. Civ. P. 43(e); *Ritza*, 837 F.2d at 369.  If the Court concludes that Plaintiff did not exhaust administrative remedies, the case will be dismissed without prejudice.  *Wyatt*, 837 F.3d at 1120.  This means that the case will end.  If Plaintiff exhausts administrative remedies at a later date, he may file the case as a new action.

The Court must grant a summary judgment motion filed under Federal Rule of Civil Procedure 56 when there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law.  This means the Court will find in favor of the moving party if there is no real dispute about any fact that affects the result of the case and

ORDER \* 4

if the moving party is entitled to judgment as a matter of law.  This will end the case.  When a party makes a motion for summary judgment that is properly supported by declarations or other sworn testimony, the opposing party cannot simply rely on what his complaint or answer says.  Instead, if Plaintiff is the opposing party, he must show Defendant(s)' facts are genuinely disputed in one or more of the following ways: (1) Plaintiff may rely upon statements made under penalty of perjury in the complaint **if** the complaint shows that Plaintiff has personal knowledge of the matters stated and **if** Plaintiff calls the Court's attention to those parts of the complaint upon which Plaintiff relies; (2) Plaintiff may serve and file affidavits or declarations setting forth the facts which Plaintiff believes prove Plaintiff's claims (the persons who sign the affidavit or declaration must have personal knowledge of the facts stated); (3) Plaintiff may rely upon written records but Plaintiff must prove that the records are what Plaintiff claims they are; and (4) Plaintiff may also rely upon all or any part of the transcript of one or more depositions, answers to interrogatories, or admissions obtained in this proceeding.  Should Plaintiff fail to contradict Defendant(s)' motion with affidavits, declarations, or other evidence, Defendant(s)' evidence will be taken as truth, and final judgment may be entered without a full trial.  *See* Fed. R. Civ. P. 56(e).  Rule 56 sets forth what a party must do in order to oppose a summary judgment motion.  Local Rule 56-260 also requires, in addition, that a party include as part of its opposition to a summary judgment motion a statement of material facts.  If summary judgment is granted, the case will be dismissed and there will be no trial.

ORDER * 5

7.  **NOTICE - WARNING**: Plaintiff is also advised that **all parties, whether or not represented by an attorney, are responsible for following the requirements set forth in the Federal Rules of Civil Procedure and the Local Rules.** Failure to comply with these rules or an Order may result in the imposition of sanctions, including dismissal of the action. Please take special note of Local Rule 5-135 regarding service and filing of pleadings, Local Rule 78-230 regarding motion practice, especially subsections (f) through (h), and Local Rule 56-260 regarding summary judgment. **The Clerk's Office shall provide Plaintiff with a copy of the Local Rules.**

**IT IS SO ORDERED.** The District Court Executive is directed to enter this Order and provide a copy to Plaintiff and the U.S. Marshals Service.

**DATED** this ___16th___ day of June 2009.

S/ Edward F. Shea
EDWARD F. SHEA
United States District Judge

C:\WINDOWS\Temp\notes101AA1\ed.ca.08.2393.serve.docs.wpd

ORDER * 6