UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA
SACRAMENTO DIVISION

| | |
|---|---|
| JERALD RANDALL,<br><br>    Plaintiff,<br><br>    v.<br><br>O. SMITH, D. VanLEER, T. ROBERTSON, MD McDONALD, T. FELKER, and N. GRANNIS,<br><br>    Defendants. | NO. CV-08-2393-EFS (PC)<br><br>**ORDER DENYING PLAINTIFF'S MOTION FOR APPOINTMENT OF COUNSEL, GRANTING DEFENDANTS' MOTION TO DISMISS, AND CLOSING FILE** |

Before the Court, without oral argument, are Plaintiff Jerald Randall's Ex Parte Motion for Assignment of Counsel (Ct. Rec. 16) and Defendants' Motion to Dismiss (Ct. Rec. 18). After reviewing the submitted materials and relevant authority, the Court, as explained below, denies Plaintiff's motion and grants Defendants' motion.

**A.   Assignment of Counsel**

Section 1915 does not provide a court with authority to require an attorney to represent a plaintiff. 28 U.S.C. § 1915; *Mallard v. U.S. Dist. Ct. for the S. Dist. of Iowa*, 490 U.S. 296, 298 (1989). A court may, however, request that an attorney represent a pro se plaintiff under exceptional circumstances. *Rand v. Rowland*, 113 F.3d 1520, 1525 (9th Cir. 1997). In determining whether "exceptional circumstances exist, the

ORDER * 1

district court must evaluate both the likelihood of success on the merits [and] the ability of the [plaintiff] to articulate his claims pro se in light of the complexity of the legal issues involved." *Id.* (internal quotation marks and citations omitted).

The Court concludes that exceptional circumstances do not exist to request that an attorney represent Plaintiff. The alleged facts and legal issues involved are relatively straight-forward. Also, as set forth below, the Court determines that Plaintiff is unlikely to succeed because he failed to exhaust his administrative remedies. Plaintiff's motion to appoint counsel is denied.

**B.   Failure to Exhaust**

Plaintiff asserts two 42 U.S.C. § 1983 claims: 1) Defendant Smith required Plaintiff to room with an inmate, who was allegedly an adverse gang member, and 2) Defendant VanLeer denied Plaintiff access to the yard in contravention of physician orders – an action that was brought to the attention of Defendants Robertson, McDonald, Felker, and Grannis. Defendants contend that Plaintiff failed to exhaust his administrative remedies as required by the Prisoner Litigation Reform Act (PLRA), 42 U.S.C. § 1997e. As to Plaintiff's first claim, Defendants submit that Plaintiff failed to pursue it at the third and final administrative grievance level. As to Plaintiff's second claim, Defendants contend that Plaintiff failed to grieve it entirely.

The PLRA provides that "[n]o action shall be brought with respect to prison conditions under [42 U.S.C. § 1983] . . . by a prisoner . . . until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e. Exhaustion is mandatory. *Booth v. Churner,* 532 U.S. 731, 741 (2001). Exhaustion also must be proper. *Woodford v. Ngo,* 548

ORDER * 2

U.S. 81, 84 (2006) (holding that an inmate's exhaustion must be in compliance with applicable grievance procedures, specifically deadlines, because "no adjudicative system can function effectively without imposing some orderly structure on the course of its proceedings"). Strict exhaustion requirements promote judicial efficiency and allow "prison officials an opportunity to resolve disputes concerning the exercise of their responsibilities before being haled into court." *Jones v. Block,* 549 U.S. 199, 204 (2007).

The PLRA exhaustion requirement is not jurisdictional; rather, it creates an affirmative defense that a defendant may raise in a non-enumerated Rule 12(b) motion. *See id.* at 199 ("[I]nmates are not required to specially plead or demonstrate exhaustion in their complaints."); *Wyatt v. Terhune,* 315 F.3d 1108, 1117-19 (9th Cir. 2003), *cert. denied sub nom. Alameida v. Wyatt,* 540 U.S. 810 (2003). The defendant bears the burden of raising and proving the absence of exhaustion. *Wyatt,* 315 F.3d at 1119. While a district court may look beyond the pleadings in deciding a motion to dismiss for failure to exhaust administrative remedies, it must assure itself that the prisoner has fair notice of his opportunity to develop a record. *Id.* at 1120 n.14.[1]

It is undisputed that Plaintiff filed a grievance challenging Defendant Smith's order to room him with an inmate of a competing gang, and that he pursued this grievance at the second level. Plaintiff also appealed the second-level decision to the third and final level – the

---

[1] Plaintiff had a fair opportunity to develop a record by filing a response and a surreply.

ORDER * 3

1  Director's level; however, the appealed grievance was returned because
2  it was incomplete.  Plaintiff contends that he resent his grievance to
3  the Director's Level, alleging that he "enclosed the document [the
4  Director] asked for and mailed the grievance back to [the Director] on
5  or around July 15th 2008 [sic].  I still have not received or had my
6  grievance returned to me. . . . The Department of Corrections has a long
7  and consistent history of 'misplacing' inmate grievances in an attempt
8  to block access to the courts."  There is no evidence that it was
9  received by the Director.

10    Although Plaintiff may have attempted to send the completed
11 grievance appeal to the Director, it is undisputed that the Director had
12 not addressed Plaintiff's third-level appeal before this lawsuit was
13 filed on October 9, 2008.  When Plaintiff did not hear from the Director,
14 Plaintiff's recourse was to inquire as to the appeal's status with the
15 Director, rather than file this lawsuit.  Such an inquiry would have
16 disclosed to Plaintiff that the Director had not received the complete
17 grievance appeal and thereby ensured that the PLRA's purpose of allowing
18 prison officials to resolve this dispute was met.  Because Plaintiff's
19 third-level appeal was not complete before this lawsuit was filed,
20 Plaintiff failed to exhaust his administrative remedies.  *See also Veloz*
21 *v. New York*, 339 F. Supp. 2d 505, 516 (S.D.N.Y. 2004) ("[P]laintiff's
22 allegation that these particular grievances were misplaced or destroyed
23 by correctional officers ultimately does not relieve him of the
24 requirement to appeal these claims to the next level once it became clear
25 to him that a response to his initial filing was not forthcoming.");
26 *Nunez v. Goord*, 172 F. Supp. 2d 417, 428-29 (S.D.N.Y. 2001) (finding that

prisoner failed to exhaust administrative remedies when he failed to followup his alleged letter to the superintendent).

Plaintiff failed to rebut Defendants' documentation that he failed to administratively grieve his second denial-of-yard-access claim. Accordingly, Plaintiff's second § 1983 claim is also dismissed for failure to exhaust administrative remedies.

**C. Conclusion**

For the above-given reasons, **IT IS HEREBY ORDERED**:

1. Plaintiff's Ex Parte Motion for Assignment of Counsel **(Ct. Rec. 16)** is **DENIED**.

2. Defendants' Motion to Dismiss **(Ct. Rec. 18)** is **GRANTED**.

3. **Judgment** is to be entered in Defendants' favor.

4. This file shall be **CLOSED**.

**IT IS SO ORDERED**. The District Court Executive is directed to enter this Order and provide a copy to Plaintiff and counsel.

**DATED** this 19th day of February 2010.

S/ Edward F. Shea<br>
EDWARD F. SHEA<br>
United States District Judge

C:\WINDOWS\Temp\notes101AA1\ed.ca.08.2393.dismiss.wpd

ORDER * 5